No. 20-10098
No. 20-10101

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff/Appellee,<br><br>v.<br><br>JOSHUA FISHER,<br><br>       Defendant/Appellant. | D.C. No. 2:14-cr-00085-APG-CWH<br><br>(Nevada, Las Vegas)<br><br>**No. 20-10098** |
| UNITED STATES OF AMERICA,<br><br>       Plaintiff/Appellee,<br><br>v.<br><br>JUSTIN FISHER,<br><br>       Defendant/Appellant. | D.C. No. 2:14-cr-00085-APG-CWH<br><br>(Nevada, Las Vegas)<br><br>**No. 20-10101** |

Appeal from the United States District Court
for the District of Nevada

**APPELLANTS' JOINT OPENING BRIEF**

Michael A. Humphreys
Paul Padda Law
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
(702) 366-1888
mah@paulpaddalaw.com

Attorneys for Appellant Joshua Fisher

Daniel Hill
Hill Firm PLLC
228 S. 4th Street, Suite 300
Las Vegas, Nevada 89101
702-848-5000
info@hillfirmlawyers.com

Attorneys for Appellant Justin Fisher

# CORPORATE DISCLOSURE STATEMENT

Not Applicable

Date: February 28, 2022

> Paul Padda Law
>
> /s/ Michael A. Humphreys
>
> **————————————————**
>
> Michael A. Humphreys
>
> Attorneys for Appellant Joshua Fisher
>
>
> Hill Firm
>
> /s/ Dan Hill
>
> ——————————————————
>
> Dan Hill
>
> Attorney for Justin Fisher

# TABLE OF CONTENTS

JURISDICTIONAL STATEMENT ........................................................1

ISSUES PRESENTED.......................................................................2

RELEVANT PROCEDURAL HISTORY ...............................................2

STATEMENT OF THE CASE..............................................................4

    A. THE CYBERTIP REPORT ........................................................6
    B. THE FIRST WARRANT ...........................................................8
    C. THE EVIDENTIARY HEARING ...............................................9
    D. THE SECOND WARRANT ....................................................11

SUMMARY OF THE ARGUMENT ...................................................12

STANDARD OF REVIEW ...............................................................13

LEGAL ARGUMENT......................................................................13

I.    THE DISTRICT COURT ERRED IN DENYING THE APPELLANTS'
      MOTION TO SUPPRESS EVIDENCE BECAUSE DETECTIVE MILLER
      USED KNOWINGLY AND INTENTIONALLY FALSE STATEMENTS,
      OR STATEMENTS MADE IN RECKLESS DISREGARD TO THE
      TRUTH IN HIS SEARCH WARRANT AFFIDAVIT.................................15
          A. DETECTIVE MILLER USED KNOWINGLY AND
             INTENTIONALLY FALSE STATEMENTS, OR STATEMENTS IN
             RECKLESS DISREGARD TO THE TRUTH IN HIS AFFIDAVIT 16
          B. THE INTENTIONAL OR RECKLESS FALSE STATEMENTS AND
             OMISSIONS WERE MATERIAL AND, PURGED AND
             SUPPLEMENTED, THE SEARCH WARRANT AFFIDAVIT
             WOULD NOT SUPPORT A FINDING OF PROBABLE CAUSE ..21
II.   THE DISTRICT COURT ERRED IN DENYING APPELLANTS'
      SECOND MOTION TO SUPPRESS EVIDENCE SEIZED DURING THE
      EXECUTION OF THE JULY 2018 SEARCH WARRANT ON THE
      GROUND THAT THE APPELLANTS LACKED STANDING.................24

CONCLUSION.............................................................................28

CERTIFICATE OF SERVICE......................................................29

CERTIFICATE OF COMPLIANCE ...........................................29

# TABLE OF AUTHORITIES

## CASES

*Chism v. Washington State*, 661 F.3d 380, 388 (9th Cir. 2011) ...................... 17, 21

*Illinois v. Gates,* 462 U.S. 213, 239 (1983) ...................................... 14, 21

*Jones v. United States*, 362 U.S. 257, 261-62 (1960); .................................25

*Minnesota v. Carter*, 525 U.S. 83, 88 (1998) .........................................24

*Nardone v. United States,* 308 U.S. 338 (1939) ......................................24

*Payton v. New York,* 445 U.S. 573, 584 (1980). .......................................13

*Poldo v. United States,* 55 F.2d 9th Cir. 1932) .......................................16

*Rakas v. Illinois*, 439 U.S. 128, 144 (1978) ..........................................24

*Segura v. United States,* 468 U.S. 796, 798 (1984). ..................................24

*Silverthorne Lumber Co. v. United States,* 251 U.S. 385 (1920) .........................24

*United States v. Anderson,* 453 F2d 174, 175 (9th Cir. 1971) ...........................16

*United States v. Brown,* 298 F.3d 392, 408 (5th Cir. 2002) ...........................15

*United States v. Davis*, 714 F.2d 896, 899 (9th Cir. 1983) ...........................21

*United States v. Dennis,* 625 F.2d 782, 791 (8th Cir. 1980)). .........................15

*United States v. Esparza,* 546 F.2d 841, 844 (9th Cir. 1976). .........................20

*United States v. Glover,* 755 F.3d 811, 821 (7th Cir. 2014) ...........................15

*United States v. Gourde,* 440 F.3d 1065 (9th Cir. 2006 ...............................21

*United States v. Hill,* 459 F.3d 966, 971 n.6 (9th Cir. 2006). ..........................14

*United States v. Johns,* 948 F.2d 599, 606-07 (9th Cir. 1991) .........................15

*United States v. Kapordelis,* 569 F.3d 1291, 1309 (11th Cir. 2009) .....................15

*United States v. Kleinman*, 859 F. 3d. 825, 838 (9th Cir. 2017) ........................13

*United States v. Lopez-Cruz*, 730 F.3d 803, 808 (9th Cir. 2013). ......................25

*United States v. Mazzelli,* 595 F.2d 1157, 1160 (9th Cir. 1979) .......................25

*United States v. Mendorza,* 2017 WL 3262111 (D. Nev., May 10, 2017) .............13

*United States v. Rajaratnam,* 719 F.3d 139, 146 (2d Cir. 2013); .......................15

*United States v. Reinholz,* 245 F.3d 765, 775 (8th Cir. 2001) .........................21

*United States v. Silva,* 247 F.3d 1051, 1055 (9th Cir. 2001). ..........................24

*United States v. Stanert,* 762 F.2d 775, 778 (9th Cir. 1985) .................... 13, 16, 20

*United States v. Tate,* 524 F.3d 449, 455 (4th Cir. 2008) .............................15

*United States v. Williams,* 737 F.2d 594, 604 (7th Cir. 1984) ..........................16

*United States v. Zapien*, 861 F.3d 971, 974 (9th Cir. 2017) ...........................13

*Wong Sun v. United States,* 371 U.S. 471, 484 (1963). ..............................24

## STATUTES

18 U.S.C. § 2252A(a)(2) ...........................................................10

18 U.S.C. § 2253 ................................................................10

18 U.S.C. § 2422(b) ...................................................................10

18 U.S.C. § 3231 .........................................................................6

18 U.S.C. § 3742 .........................................................................6

18 U.S.C. §§ 1512 ......................................................................10

18 U.S.C. §§ 2251 ...................................................................9, 10

18 U.S.C. §§ 2251A ...................................................................10

18 U.S.C. §§ 2252A ...................................................................10

18 U.S.C. §§2252A ....................................................................10

28 U.S.C. § 1291 .........................................................................6

## OTHER AUTHORITIES

U.S. Const. amend. IV .............................................................24

## RULES

Fed. R. App. P. Rule 4(b)(1)(a)(i) ..............................................6

Fed. R. App. P. Rule 58(g)(1) .....................................................6

# JURISDICTIONAL STATEMENT

The government prosecuted this criminal case in the United States District Court for the District of Nevada (Las Vegas Division), which has original jurisdiction over all violations of federal law, pursuant to United States Code Title 18, Section 3231. 18 U.S.C. § 3231. The District Court entered final judgment against Justin Fisher on March 5, 2020. **(3-ER-321)**. The District Court also entered final judgment against Joshua Fisher on March 5, 2020. **(3-ER-343)**.

This Court has jurisdiction pursuant to 28 U.S.C. § 1291, which grants the United States Court of Appeals jurisdiction over appeals from a final decision of a United States District Court, and 18 U.S.C. § 3742, which allows defendants to appeal final judgments of the United States District Court. Additionally, this Court has jurisdiction pursuant to Federal Rule of Criminal Procedure Rule 58(g)(1), which authorizes appellate jurisdiction over final decisions and sentences of a United States District Court. Fed. R. App. P. Rule 58(g)(1).

Justin Fisher timely filed his notice of appeal on March 11, 2020, pursuant to Federal Rules of Appellate Procedure, Rule 4(b)(1)(a)(i). **(3-ER-365)**; Fed. R. App. P. Rule 4(b)(1)(a)(i). Joshua Fisher timely filed his notice of appeal on March 10, 2020. **(3-ER-367)**.

The Fisher brothers are currently in the custody of the Federal Bureau of Prisons, at separate locations.

## ISSUES PRESENTED

I.   Whether the District Court erred in denying the appellants' motion to suppress evidence based on Detective Miller's intentionally false statements or statements made in reckless disregard for the truth contained in the affidavit in support of a probable cause warrant dated November 21, 2016.

II.  Whether the District Court erred in denying the appellants' motion to suppress evidence seized during the execution of the July 2018 search warrant for lack of standing.

## RELEVANT PROCEDURAL HISTORY

On March 12, 2019, Justin Fisher was charged by second superseding indictment with: two counts of sexual exploitation of children, in violation of 18 U.S.C. §§ 2251 (a) and (e); one count of distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2); one count of receipt of child pornography, in violation of 18 U.S.C. §§ 2252A (a)(2) and (b)(1); two counts of possession of child pornography, in violation of 18 U.S.C. §§2252A (a)(5)(B) and 2252A(b)(2); one count of coercion and enticement, in violation of 18 U.S.C. § 2422(b); one count of conspiracy to sexually exploit children, in violation of 18 U.S.C. §§ 2251A (a) and (e); one count of conspiracy to tamper with a witness or a victim, in violation of 18 U.S.C. §§ 1512 (b) and (k); and one forfeiture allegation in violation of 18 U.S.C. § 2253. Justin pled guilty and was sentenced to 360 months incarceration. **(3-ER-321)**.

On March 12, 2019, Joshua Fisher was charged by second superseding indictment with: one count of conspiracy to commit sexual exploitation of children, in violation of 18 U.S.C. §§ 2251(a) and (e); two counts of sexual exploitation of children, in violation of 18 U.S.C. §§ 2251 (a) and (e); one count of receipt of child pornography, in violation of 18 U.S.C. §§ 2252A (a)(2) and (b)(1); two counts of possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(b) and (b)(2); one count of coercion and enticement, in violation of 18 U.S.C. § 2422(b); count of possession of child pornography, in violation of 18 U.S.C. §§2252A (a)(5)(B) and 2252A(b)(2); one count sexual exploitation conspiracy; and forfeiture allegation, in violation of 18 U.S.C. § 2253. (**3-ER-343).**

The case began with a Cybertip from Tumblr regarding child pornography. Las Vegas police used the Cybertip as a basis for a search warrant of the Fishers' residence/electronic devices. Based upon misrepresentations in that search warrant affidavit, the Fishers moved to suppress the evidence seized. Magistrate Judge George Foley, Jr., conducted a *Franks* Hearing. (**2-ER-85**). The Magistrate Judge issued a Report and Recommendation that this motion be denied. **(1-ER-27).** The District Court adopted the recommendation and denied the motion. **(1-ER-20).**

A second search warrant was later obtained to search three more devices found in the attic of the same residence during a subsequent search **(2-ER-271)**. The Fishers filed a second motion to suppress the evidence seized there, because it was

a direct result of the first search. The Magistrate Court issued a Report and Recommendation that this motion be denied (before resolving the first motion to suppress, as the *Franks* hearing was stipulated out by the parties multiple times). **(1-ER-5).**

The District Court denied this motion for lack of standing, finding the devices had been abandoned. **(1-ER-3).** The Fisher brothers then were convicted via Guilty Plea Agreement, and both Justin and Joshua were sentenced on March 3, 2020. **(3-ER-321, 343).** This joint appeal of both motions to suppress follows.

## STATEMENT OF THE CASE

The Fisher brothers, co-appellants herein and co-defendants below, appeal their convictions under the Fourth Amendment to the United States Constitution because the Las Vegas Metropolitan Police Department ("LVMPD") failed to establish probable cause in their affidavit in support of a search warrant. Specifically, the LVMPD used false statements and/or statements made in reckless disregard for the truth, in addition to omissions of relevant facts in their affidavit. The search warrant was executed on November 21, 2016, at Justin Fisher's residence, 10432 Burkehaven Ave., Las Vegas, Nevada 89166. **(1-ER-27).**

The warrant was the culmination of a criminal investigation that commenced on April 27, 2016, when Tumblr[1] reported to the National Center for Missing and Exploited Children[2] ("NCMEC") that a possible digital upload of pornographic images had occurred on one of its Tumblr blogs. NCMEC, in turn, issued a computer-generated report flagging digital content of apparent child pornography by an unknown Tumblr blogger. Generally, whenever Tumblr flags child pornography on one of its user's blogs, Tumblr forwards that information to NCMEC who then disseminates the suspicious activity to the appropriate law enforcement agency to launch a criminal investigation.

In this case, NCMEC issued a computer-generated report flagging digital content of apparent child pornography by an unknown Tumblr blogger. (**1-ER-28**). That report was later forwarded to the Internet Crimes Against Children Task Force of the LVMPD, where the case was assigned to Detective Scott Miller ("Det. Miller"). (**2-ER-137**). Det. Miller then conducted a largely digital and mail investigation gathering information from Tumblr, NCMEC, Google, Cox

---

[1] Tumblr [sic] is a blogging and social networking platform that enables users to post multi-media (i.e., words, images, videos) and related content to a short-form digital blog. Tumblr itself does not maintain records or information by legal given names, or other biographical data, of its users.

[2] NCMEC is a non-profit clearing house, created by Congress, whose mission is to collect, collate, and curate data regarding missing children, or children who are otherwise subjects of various forms of exploitation.

Communications, and other sources. *Id.* Det. Miller prepared an affidavit in support of a search warrant that he presented to a Clark County Justice of the Peace for review and execution of an appended search warrant. **(2-ER-289).**

## A. THE CYBERTIP REPORT

On April 19, 2016, a Tumblr-generated digital report identified the possibility that child pornography might be present on one of its user-hosted blogs. **(1-ER-29)** On April 27, 2016, Tumblr forwarded a report of that incident, which included eight representative photographic digital files, to NCMEC referencing the possible transmission of child pornography attributable to unspecified bloggers. *Id.* Tumblr's referral prompted NCMEC to complete a standardized digital form known as a Cyber Tipline report ("Cybertip"). The Cybertip is automated in that it is comprised of cyber-searching algorithms that rely on digital recognition and flagging with no real-time human sourcing or interaction. **(2-ER-143)**.

Although generated by NCMEC, a non-law enforcement, non-governmental entity, the Cybertip Report is the probable cause document that triggers a criminal investigation against a computer and, by extension, the person that owns and/or controls that computer. **(2-ER-309).**

The Cybertip identified two relevant computers by their TCP/IP Protocol, often referred to as their IP address. **(2-ER-309)**. Each machine connected to a

network has a unique IP address that identifies that machine <u>only</u>.[3] Relevant here are two computers identified by IP Address 50.118.198.254 ("Computer 254") and IP Address 24.253.48.163 ("Computer 163").

In this case, the Cybertip focuses almost exclusively on Computer 254 (not Computer 163—the Fishers' computer) as the offending IP address. **(2-ER-314).**

The Cybertip contained the following irreducible facts: The relevant Cybertip in this case, designated as CT No. 10001179 ("CT1179"), was dated April 27, 2016. Once Tumblr discovered the suspected pornographic files, it terminated the blog and sent eight "representative samples" of possible pornographic files to NCMEC as a part of the CT1179 report. NCMEC then forwarded those materials to the Las Vegas Metropolitan Police. **(2-ER-309, 312).**

Under sub-heading "IP Address," the Cybertip identifies computer 254 as the primary source of the offending materials. **(2-ER-312).** On that same page, under the sub-heading "Suspect's Last Login," the Cybertip states that the most recent suspect log-in was by computer 254 on April 18, 2016 at 22:47 (the day before the flagged upload). *Id.* Under the sub-heading, "Geo-Lookup (Reported Person or User)" the Cybertip reaffirms that computer 254, located in the "San Francisco-

---

[3] The information herein can be found in full at: https://docs.microsoft.com/en-US/troubleshoot/windows-client/networking/tcpip-addressing-and-subnetting, accessed 02/20/2022.

Oakland-San Jose" area is the suspect IP address. Specifically, the Cybertip

identified the "User or Person Being Reported" as:

> Email address: mcwarson@gmail.com
> Screen/Username: MCW
> Profile URL: mcw.tumblr.com
> IP Address: 50.118.198.254

**(2-ER-312).**

## B. THE FIRST WARRANT

Det. Miller used CT1179 as the primary document to begin his investigation.

Det. Miller stated in the "Synopsis" section of his search warrant:

> On or about April 27, 2016, the National Center for Missing and
> Exploited Children (NCMEC) received a report from Tumblr reference
> a possible transmission of child pornography. Tumblr reported a user;
> "mcw," screen/user name of mcw, and an IP address of 24.253.48.163
> uploaded 8 child exploitation images on their Tumblr account. Affiant
> viewed said images of child sexual exploitation and deemed 2 images
> to be child pornographic in nature.
>
> A search warrant was served on Tumblr reference above account which
> resulted in numerous other images/videos of child exploitation being
> discovered.
>
> This investigation conducted by Affiant has traced this child sexual
> exploitation computer activity of child pornography to 10432
> Burkehaven Avenue, Las Vegas, NV 89166, where affiant expects to
> find computer/digital evidence of these crimes.

**(2-ER-293).** Under the heading "Probable Cause Offering," Det. Miller further

stated:

On or about April 27, 2016, the NCMEC received a report from Tumblr reference a possible transmission of child pornography. Tumblr reported the user uploaded 8 images/videos of child sexual exploitation. Tumblr provided the following information regarding the user:

> IP Address: 50.118.198.254 and 24.253.48.163
> Date of incident: April 19, 2016 at 14:14:00 UTC
> Email Address: mcwarson@gmail.com
> Screen/User Name: mcw
> Profile URS: https://mcw.tumblr.com

This report was documented under NCMEC CyberTip #10001179 and forwarded on May 26, 2016 to the Las Vegas Metropolitan Police Department for follow up investigation.
Affiant viewed the 8 uploaded images/videos and deemed two of them to be child pornography. The following is a description of both of the said videos: [Description omitted]

**(2-ER-294).** Det. Miller also affirmed that he sent an administrative subpoena to Cox Communications, which response stated that IP Address 24.253.48.163 "resolves to Justin Fisher […] address of 10432 Burkehaven Avenue, Las Vegas, NV 89166[.]" **(2-ER-294, 295).**

## C. THE EVIDENTIARY HEARING

In granting a *Franks* hearing, the Magistrate Judge found that the first paragraph of the "Synopsis" section of the affidavit was "clearly false." **(1-ER-48)**. The Cybertip report "did not state that the user had uploaded the child pornography images to the Tumblr account from IP address of 24.253.48.163," the Magistrate Judge continued, "nor can such inference be fairly made from the Cybertip Report." **(1-ER-48)**. Rather, the Magistrate Judge indicated, the Report identified the person

9

reported as having an IP address of "50.118.198.254 (Other)." (**2-ER-49**). The

Magistrate Judge summarized that the Report listed the suspect's most recent login

as being Monday, April 18, 2016 (the day before "the incident"), from "IP address

50.118.198.254." (**2-ER-49**).

The Magistrate Judge found the information in the Probable Cause Offering

to be "incomplete." (**2-ER-49**). "It failed to disclose," the judge explained, "that the

last reported IP address login prior to the 'incident' was from IP address

50.118.198.254[.]" (***Id.***). The Magistrate Judge concluded that

> the omission of the dates when the logins from [the IP addresses]
> occurred, combined with the misrepresentations in the Synopsis,
> reasonably would have led the justice of the peace to believe that the
> Tumblr Cybertip report stated that the upload of child pornography
> images on April 19, 2016 was made from a computer using IP address
> 24.253.48.163.

(**2-ER-49**).

The government first presented expert witness Andrew Buel at the ensuing

evidentiary hearing, whose area of expertise includes computer forensics and

networking. (**2-ER-102**). Mr. Buel testified that a person using a virtual private

network ("VPN") can obscure his true IP address and identity because the

communication appears to originate from the VPN's IP address. (**2-ER-104, 106**).

Mr. Buel testified that VPN providers do not identify or are unable to identify the IP

addresses that communicated through the VPN at any particular time. (**2-ER-110,**

**112)**. Mr. Buel testified that the 50.118.198.254 IP address is readily identifiable as a VPN IP address. **(2-ER-126)**. He was <u>not</u> able to determine from the Cybertip Report which listed IP address uploaded the child pornography to the Tumblr blog. **(2-ER-124, 128)**.

Det. Miller also testified at the hearing. He testified that although the Cybertip contained two IP addresses, NCMEC "somehow" determined that Las Vegas was the appropriate jurisdiction to send the report. **(2-ER-148)**. Det. Miller testified he did his own "research" and discovered that 50.118.198.254 was a VPN. **(2-ER-150)**.

Det. Miller testified that he stated in his Synopsis that the user of IP address 24.253.48.163 had uploaded the 8 child exploitation images because the other listed IP address (50.118.198.254) was a VPN that "didn't come back to anything" and was, in his opinion, irrelevant. **(2-ER-164).**

## D. THE SECOND WARRANT

After his arrest, Justin Fisher, the owner of the Burkehaven residence, sold it to a disinterested third-party on September 15, 2017. **(2-ER-265)**. After the Fisher brothers had been arrested but before the residence was sold they asked their brother "E" to go to the residence, search for items located in the attic, and remove them. **(2-ER-263)**. (Det. Miller knew about this request from recorded conversations between the incarcerated Fisher brothers and their brother "E.") **(2-ER-263)**.  In follow-up recorded phone conversations "E" told his brothers that he had searched the attic as

they requested but that he was unable to find the items that they sought to have removed from the residence. **(2-ER-265).**

In July 2018, the new owner contacted the FBI and explained to them that he had learned of the house's criminal history from neighbors, and he sought confirmation that all pornography had been removed from the home because children were living there. **(2-ER-265)**. In response to that citizen concern, Det. Miller went to the Burkehaven address where the owner gave him consent to search the residence again. **(2-ER-266).**

Detective Miller found three electronic devices in the attic. **(2-ER-266)**. He applied for a search warrant for the devices as a cautionary measure despite maintaining that the devices were "abandoned." **(2-ER-266)**. The background and probable cause for the second warrant was wholly dependent upon the discoveries from the first warrant.

## SUMMARY OF THE ARGUMENT

Det. Miller's first affidavit falsely claims that the Cybertip identified the Fishers' IP address as the upload source for the child pornography. The affidavit also falsely insinuates that Det. Miller viewed the child pornography as uploaded from the Fisher's computer. Finally, the affidavit omits that the other IP address—the one the Cybertip report identified as the culpable address—was the last to log in to the Tumblr blog before the flagged upload. This is not only an adversarial position of

the Fishers, but the considered judgment of Magistrate Judge Foley in granting a *Franks* hearing. Without these misrepresentations and omissions, the affidavit is not supported by adequate probable cause.

The government searched the Fishers' (former) house again over a year later and recovered three electronic devices. The government obtained a search warrant for the devices. The search of those devices would never have happened, and no incriminating evidence would have been discovered, without the flawed first search. The second affidavit was replete with references to information obtained in the first search. Finally, the Fishers did not abandon those devices; they labored tirelessly to retrieve them after their arrest.

## STANDARD OF REVIEW

This Court reviews the lower court's ruling denying a motion to suppress for clear error in factual findings and de novo on the application of the law. *United States v. Zapien*, 861 F.3d 971, 974 (9th Cir. 2017); *United States v. Kleinman*, 859 F. 3d. 825, 838 (9th Cir. 2017).

## LEGAL ARGUMENT

The Fourth Amendment to the United States Constitution guarantees a protection against unreasonable searches and seizures by providing that "no warrants shall issue, but upon probable cause, supported by Oath or affirmation…" U.S. Const. amend. IV. The Fourth Amendment imposes two requirements for searches

and seizures: first, all searches and seizures must be reasonable. Second, a warrant may not be issued unless probably cause is properly established and the scope of the authorized search is set out with particularity. *See Payton v. New York,* 445 U.S. 573, 584 (1980). For a search warrant to be valid, it must be "supported by an affidavit establishing probable cause." *United States v. Stanert,* 762 F.2d 775, 778 (9th Cir. 1985); *see also United States v. Mendorza,* 2017 WL 3262111 (D. Nev., May 10, 2017).

A warrant affidavit "must set forth particular facts and circumstances underlying the existence of probable cause, so as to allow the magistrate to make an independent evaluation of the matter." *Franks v. Delaware,* 438 U.S. 154, 165 (1978). "Sufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusions of others." *Illinois v. Gates,* 462U.S. 213, 239 (1983). An officer presenting a search warrant application has a duty to provide, in good faith, all relevant information to the magistrate. *United States v. Hill,* 459 F.3d 966, 971 n.6 (9th Cir. 2006).

This Court determines probable cause by looking at the "totality-of-the-circumstances." *Gates* 462 U.S at 238-39. In evaluating the existence of probable cause, the court will consider the warrant's veracity and *basis of knowledge*. *Id.* at 233 (emphasis added). These elements are not rigid; rather, they are relevant

considerations whereby a deficiency in one may be compensated for strength in the other, or by some other indicia of reliability. *Id.* at 234.

A search warrant affidavit "impress[ess] upon the swearing individual an appropriate sense of obligation to tell the truth…An oath preserves the integrity of the search warrant process and thus protects the constitutionally guaranteed fundamental right of people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures."

Here, Det. Miller failed to properly establish probable cause in his search warrant affidavit by both misrepresentations and omissions. Thus, the evidence confiscated from the execution of the November 2016 search warrant and the following July 2018 search warrant should be suppressed under *Franks* and its progeny.

I. **THE DISTRICT COURT ERRED IN DENYING THE APPELLANTS' MOTION TO SUPPRESS EVIDENCE BECAUSE DETECTIVE MILLER USED KNOWINGLY AND INTENTIONALLY FALSE STATEMENTS, OR STATEMENTS MADE IN RECKLESS DISREGARD FOR THE TRUTH IN HIS SEARCH WARRANT AFFIDAVIT.**

A search warrant may be found invalid where the affidavit includes "a false statement knowingly and intentionally, or with reckless disregard for the truth." *Franks* 438 U.S. at 156. The circuits have expanded *Franks* to include material omissions from the search warrant affidavit. *See, e.g. United States v. Rajaratnam,* 719 F.3d 139, 146 (2d Cir. 2013); *United States v. Tate,* 524 F.3d 449, 455 (4th Cir.

2008); *United States v. Brown,* 298 F.3d 392, 408 (5th Cir. 2002); *United States v. Glover,* 755 F.3d 811, 821 (7th Cir. 2014); *United States v. Kapordelis,* 569 F.3d 1291, 1309 (11th Cir. 2009). "The omission of facts rises to the level of misrepresentation only if the omitted facts 'cast doubt on the existence of probable cause.'" *United States v. Johns,* 948 F.2d 599, 606-07 (9th Cir. 1991) (quoting *United States v. Dennis,* 625 F.2d 782, 791 (8th Cir. 1980)).

Here, Det. Miller violated the Fisher brothers' constitutional protections by preparing an affidavit that only established probable cause through knowing and intentional deception or, at best, recklessness to the truth or falsity of the information. Det. Miller's affidavit contained obvious, blatant misstatements of what was contained in CT1179, drew conclusions that were not supported by CT1179, and ignored factors exculpatory to the Fishers.

### A. DETECTIVE MILLER USED KNOWINGLY AND INTENTIONALLY FALSE STATEMENTS, OR STATEMENTS IN RECKLESS DISREGARD TO THE TRUTH IN HIS AFFIDAVIT.

Whether a search warrant is supported by probable cause must be determined from the "four corners" of the affidavit. *United States v. Anderson,* 453 F2d 174, 175 (9th Cir. 1971). In *Anderson,* the arresting officers failed to include a crucial full statement in a search warrant affidavit. *Id.* at 177. That Court reaffirmed the requirement that all facts and circumstances relied upon for the issuance of a warrant be found in a written affidavit. *Id.* The court reasoned that the allegations contained

in the affidavit must be facially true for the warrant to be legal. *Id.* at 176-77 (*quoting Poldo v. United States,* 55 F.2d 9th Cir. 1932) (citation omitted).

A search warrant affidavit may be invalid on its face when it contains deliberate or reckless omissions of facts that tend to mislead. *Stanert,* 762 F.2d at 781 (*citing United States v. Williams,* 737 F.2d 594, 604 (7th Cir. 1984). In *Stanert,* the defendant argued that the search warrant affidavit contained material omissions that negated its facial showing of probable cause. *Id.* at 780. The Court agreed, reasoning that the use of deliberately falsified information is not the only way by which police can mislead a magistrate when making a probable cause determination. *Id.* at 781. The Court asserted that "[b]y reporting less than the total story, an affiant can manipulate the inferences a magistrate will draw." *Id.*

An officer acts with at least a reckless disregard for the truth when the affidavit omits important facts that were within the officers' knowledge at the time the affidavit was prepared. *Chism v. Washington State*, 661 F.3d 380, 388 (9th Cir. 2011).

In *Chism,* the Washington State Police investigated a NCMEC tip regarding alleged child pornography uploaded by a Yahoo! account. *Id.* at 384. The investigators began their search by obtaining a warrant to search the Yahoo! records. *Id.* Later, the investigators completed a search warrant affidavit that contained

several false statements and omissions; however, the lower court still issued the warrant. *Id.* at 386.

The Court held that the officers engaged in intentional or reckless deception in their affidavit. *Id.* at 388. That Court stated that the detective knew that the IP addresses at issue were traced to other people and that the identifying information provided by the website was nonsensical. *Id.* Additionally, a reasonable fact finder could find that the officers acted recklessly or intentionally because all the false statements or omissions in the affidavit bolstered probable cause, suggesting that the mistakes were not mere negligence. *Id.* The Court further noted that they found it "particularly significant that the IP addresses from which the [websites at issue] were created were traced to internet subscribers hundreds of miles away from the [defendant's home]." *Id.* at 390.

Allegations of negligence or innocent mistake are insufficient. *Franks,* 438 U.S. at 171. In *Franks,* the United States Supreme Court detailed a list of criteria and procedure for evidentiary hearings on alleged untruthfulness in a search warrant affidavit – later known as *Franks* Hearings. *Id.* Among those criteria, the Supreme Court explicitly states that the arresting agency may not "satisfactorily explain" insufficiencies in affidavits, sworn, or otherwise reliable statements by claiming that it was a mistake. *Id.*

Det. Miller's affidavit claims that CT1179 incriminates the Fishers by misquoting it to identify the guilty party as "user mcw screen/user name of mcw and an IP address of 24.253.163 [which] uploaded 8 child exploitation images on their Tumblr account." (**2-ER-293**). However, this false statement is readily debunked by reference to the sub-heading of CT1179 labeled "User of Person Being Reported," which identifies the guilty device as Computer 254. (**2-ER-292**). Like in *Chism,* this blatant misstatement of CT1179 recklessly misrepresents facts that were known to Det. Miller at the time he completed the affidavit. This is a mindful, purposeful substitution of one party (Computer 163) for another party (Computer 254), or, at the very least, a reckless disregard to the truth or falsity that Computer 163 was identified as culpable.

Under the heading of "Computers, Technology and Digital Forensics" in Det. Miller's affidavit, he states that "[a]ffiant has personally viewed files identical to the ones on a computer using Public IP address 24.253.48.163 and determined them to be child pornography." (**2-ER-299**). This quote leaves the reader (especially a county judge who might be unfamiliar with the arcane terminology and concepts of digital communications connected to cyber-crime investigations) with the distinct impression that Det. Miller had physically examined the files on Computer 163 and discovered them to contain child pornography. This representation by Det. Miller

was impossible because Det. Miller had seen nothing that existed on Computer 163 at the time that he was drafting his search warrant affidavit.

The applicable law supports the view that the Court must void the affidavit when it is clear by a preponderance of the evidence that material misstatements in the search warrant affidavit are intentionally or recklessly false. *See Franks,* 438 U.S. at 155-56. Here, it is undeniable that Det. Miller's affidavit contained false statements. It is also undeniable that Det. Miller made these false statements knowing that the Cybertip he relied upon pointed to a wholly different IP address. Like this Court noted in *Chism,* it is particularly conspicuous that the misrepresented facts *all* serve to support the finding of probable cause.

Finally, Det. Miller also made a key material omission. His affidavit failed to disclose that the last reported IP address login prior to the "incident" was from IP address 50.118.198.254, and not the IP address associated with the Fishers. The omission of the login dates, combined with the misrepresentations above, would have led the county judge to believe (wrongly) that the Cybertip report stated the April 19, 2016 upload was made from a computer using the Fishers' home IP address.

**B. THE INTENTIONAL OR RECKLESS FALSE STATEMENTS AND OMISSIONS WERE MATERIAL AND, PURGED AND SUPPLEMENTED, THE SEARCH WARRANT AFFIDAVIT WOULD NOT SUPPORT A FINDING OF PROBABLE CAUSE.**

False statements and omissions contained in an affidavit are material if the affidavit, once corrected and supplemented, would not have provided a magistrate judge with a substantial basis for finding probable cause. *Stanert* 762 F.2d at 782 (*citing Franks* 438 U.S. at 171-72). The effect of the misrepresentations and omissions on the existence of probable cause is considered cumulatively. *United States v. Esparza,* 546 F.2d 841, 844 (9th Cir. 1976).

Furthermore, the government cannot later <u>add</u> probable cause to the affidavit. "The fact that probable cause did exist and could have been established by a truthful affidavit does not cure the error." *United States v. Davis*, 714 F.2d 896, 899 (9th Cir. 1983). "[R]etroactively supplementing the affidavit with material omissions <u>bolstering</u> probable cause would undermine the deterrent purpose of the exclusionary rule." *United States v. Reinholz*, 245 F.3d 765, 775 (8th Cir. 2001) (emphasis added).

The Supreme Court has declined to articulate a "neat set of legal rules" for evaluating probable cause, and instead has instructed magistrate judges to evaluate the totality-of-the-circumstances. *Gates* 462 U.S. at 230-32. This Court, in *Chism* utilized a "triad of solid facts" derived from *United States v. Gourde* to create a test

for probable cause. *Chism* 661 F.3d at 389 (*citing Gourde,* 440 F.3d 1065 (9th Cir. 2006)). The Court considered the relevant question in this triad to be whether there was a fair probability that evidence of the alleged crime would be found in the place to be searched. *Id.* In *Chism,* the Court held that a truthful version of the search warrant affidavit would not establish this fair probability. *Id.* at 390.

The Court reasoned that the truthful version of the affidavit would have indicated that the sole evidence that connected the defendant to the child pornographic images was a jointly owned credit card charged three times to the child pornography hosting website. *Id.* This was "a far cry from the facts presented in the affidavit which stated that [the defendant] 'downloaded' and 'purchased' child pornography.'" *Id.*

That incidental connection between the defendant and the website that hosted child pornography was insufficient to establish a fair probability that evidence of a crime would be found with the execution of that warrant. *Id.* Further, the Court noted that the IP address associated with child pornographic images led to locations different from the locations to be searched, and the affidavit did not establish a physical link between the illegal items and the locations to be searched. *Id.* at 391.[4]

---

[4] The Court in *Chism* noted that their legal conclusion was supported by the Washington State Police's training materials, which explain in pertinent part:

Much, if not all, of the cyber-evidence (the E-mail addresses and IP addresses used) will lead you to an innocent person. That's why

Here, a truthful version of the search warrant affidavit to the county judge would have indicated the Cybertip report identified Computer 253 as the offending IP Address. Further, a truthful affidavit would not falsely claim that Computer 163 <u>uploaded</u> 8 child pornography images, when the Cybertip only supports that this computer may have accessed the blog. **(2-ER-293; *but see* 2-ER-311)**. Like in *Chism,* the fact that Computer 163 may or may not have accessed a publicly available blog is wholly different from the assertion that the computer uploaded these images. A truthful affidavit also would have advised the county judge that Computer 253 was the last to log in to the Tumblr blog before the "incident," according to the Cybertip Report.

The government will certainly advise this Court about the details of another Cybertip Report, of an additional 163 IP Address login on the upload date (that was discovered from a Tumblr administrative subpoena but not included in the affidavit), and of Det. Miller's opinions about the 253 IP address being an irrelevant "VPN" (an opinion he developed much later in time at the *Franks* hearing). These aspects of Det. Miller's testimony are not part of the Court's analysis, however. Reconstructing Det. Miller's affidavit into something complete and truthful cannot

---

simply identifying which account was used to commit a crime does not provide you with probable cause to get a search or arrest warrant for the name and address on that account.

*Chism* 661 F.3d at 391.

include <u>bolstering</u> the affidavit's probable cause by adding material helpful to the government that wasn't in the original affidavit. *See Davis* and *Reinholz, supra*.

The improper misstatements and omissions were necessary for the Magistrate to find probable cause. Because Detective Miller's affidavit contained knowingly or intentionally false statements and omissions, or statements and omissions with reckless disregard to the truth, and those statements/omissions were material for finding probable cause, the search warrant was improperly obtained.

## II. THE DISTRICT COURT ERRED IN DENYING APPELLANTS' SECOND MOTION TO SUPPRESS EVIDENCE SEIZED DURING THE EXECUTION OF THE JULY 2018 SEARCH WARRANT ON THE GROUND THAT THE APPELLANTS LACKED STANDING.

The Supreme Court has long recognized the "fruit of the poisonous tree" doctrine, which metaphorically demonstrates that if the "tree" of evidence is tainted, so too is it's "fruit." *See Silverthorne Lumber Co. v. United States,* 251 U.S. 385 (1920); *see also Nardone v. United States,* 308 U.S. 338 (1939). In other words, evidence procured through unlawful means – such as, a defective search warrant – the evidence subsequently obtained should be excluded.

Evidence found from a subsequent search of a home pursuant to a second warrant is only valid if that warrant could be issued from a source independent of a faulty, first warrant. *Segura v. United States,* 468 U.S. 796, 798 (1984). The Supreme Court in *Segura* held that the second warrant issued was proper, reasoning that the

exclusionary rule has no application where the government learns of the evidence from an independent source. *Id. at 805* (*citing Wong Sun v. United States,* 371 U.S. 471, 484 (1963).

Suppression is a justifiable sanction for the government's Fourth Amendment transgressions if the movants can establish the existence of three interconnected principles. First, a movant must show that he has standing to challenge the seizure. *Minnesota v. Carter*, 525 U.S. 83, 88 (1998). Second, as an indispensable pre-condition to standing, the movant must prove that he has a reasonable expectation of privacy in the thing seized or the place searched. *Rakas v. Illinois*, 439 U.S. 128, 144 (1978). A court determines whether the expectation of privacy is reasonable by considering if society views it as such. *United States v. Silva*, 247 F.3d 1051, 1055 (9th Cir. 2001). A trial judge should evaluate whether such privacy interest is reasonable by considering the totality of the circumstances. *Id.* Third, a movant must show that he did not abandon his interest in the property. As Magistrate Judge Foley properly noted in his Report and Recommendation "[t]he touchstone of abandonment is a question of intent." *United States v. Lopez-Cruz*, 730 F.3d 803, 808 (9th Cir. 2013).

One of the central underpinnings of standing is whether the defendant has a proprietary interest in the seized item. "To establish 'standing,' Courts of Appeals have generally required that the movant claim either to have owned or possessed the

seized property or to have had a substantial possessory interest in the premises searched. *Jones v. United States*, 362 U.S. 257, 261-62 (1960); *United States v. Mazzelli*, 595 F.2d 1157, 1160 (9th Cir. 1979); *see also Lopez-Cruz*, 730 F.3d at 807.

Here, the discovery of the incriminating evidence on the three devices found in the Fishers' (former) attic can be directly traced to the execution of the unlawful search on November 21, 2016. Having thoroughly searched the house in November 2016, the government had presumably concluded its investigation, culminating in the second superseding indictment of Justin and Joshua Fisher dated March 12, 2019. Unlike the Court in *Segura,* the information used to supplement this second search warrant was not independently discoverable.

The government's July 2018 discovery and seizure of the contraband in the Burkehaven attic should never have happened because absent the government's illegal seizure based on the defective warrant in November 2016, they would have been unaware of the existence, let alone the relevance, of the Burkehaven address. In other words, the taint of the government's misconduct in the events leading up to the November 21, 2016 search, extends to the seizure of the contraband in the Burkehaven attic in July 2018.

As noted above, Both the Magistrate Judge and the District Judge declined to consider the appellants' 'fruit of the poisonous tree' argument; disposing of the case,

instead, by ruling that, as a threshold/procedural matter, the appellants lacked standing to challenge the search and seizure.

Appellants agree with Magistrate Judge Foley, as well as the holding in *Lopez-Cruz*, that the central issue is what the appellants' intentions were regarding the electronic devices seized from the Burkehaven attic. Those intentions manifested a desire and concern to safeguard the items and keep them secure from accidental exposure or even an intentional search. In fact, the appellants' hiding abilities were so effective that one of their own confederates, their brother "E," was unable to locate the devices. The effort to secret the items from prying and even searching eyes indicates their value to the owner.

In this case, the Fishers clearly did not intend to abandon the devices and simultaneously created an expectation of privacy, even *in abstentia*, in the items and the data that each device contained. The appellants had an ongoing interest in the devices even though they had no physical control over the devices. They were only not in physical possession of the devices (and their home) because of their arrest and subsequent incarceration.

Thus, the appellants had standing, a reasonable expectation of privacy, and an intention not to abandon the devices. Accordingly, the district court improperly denied the appellants' second motion to suppress for lack of standing.

## CONCLUSION

For the foregoing reasons, the judgment of the district court should be reversed, and the case remanded to the district court with instructions to grant the appellants' motion to suppress evidence derived from the search warrant conducted on November 21, 2016. Furthermore, the evidence seized during the second search warrant on the Burkehaven residence should be similarly excluded because the seizure of those devices stemmed inextricably from the results of the first search.

DATED this 28th day of February 2022.


/S/ Michael Humphreys                         /s/ Dan Hill

MICHAEL HUMPHREYS                    DANIEL J. HILL
4560 South Decatur Blvd.                   Nevada Bar No. 12773
Las Vegas, NV 89103                         228 S. 4th Street, 3rd Floor
703-727-0558                                     Las Vegas, NV 89101
MAH@paulpaddalaw.com               (702) 442-8338
                                                         Dan@Hillfirmlawyers.com


Attorney for Joshua Fisher                 Attorney for Justin Fisher


## STATEMENT OF RELATED CASES

The undersigned are unaware of any related cases.

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2022 I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(C), I certify that:

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 5970 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionately spaced typeface using Microsoft Word Version 2201, Times New Roman 14-point font.

Date: February 28, 2022.

/S/ Michael Humphreys

MICHAEL HUMPHREYS
4560 South Decatur Blvd.
Las Vegas, NV 89103
703-727-0558
MAH@paulpaddalaw.com

/s/ Dan Hill

DANIEL J. HILL
Nevada Bar No. 12773
228 S. 4th Street, 3rd Floor
Las Vegas, NV 89101
(702) 442-8338
Dan@Hillfirmlawyers.com

Attorney for Joshua Fisher

Attorney for Justin Fisher